IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY L. CIPOLLO,<br><br>    Plaintiff,<br> v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>    Defendant. | No. C 04-02444 SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING CASE** |

Now before the Court are the parties' cross motions for summary judgment on plaintiff's complaint seeking judicial review of defendant's denial of plaintiff's claim for Social Security disability benefits. Having carefully considered the parties' arguments, the Court GRANTS plaintiff's motion for summary judgment, DENIES defendant's motion for summary judgment, and REMANDS this case to the Social Security Administration ("SSA") for further proceedings.

**BACKGROUND**

Plaintiff is a 44-year-old man who lives in Klamath, California. Administrative Record ("AR") 85-88. In April 1998, he was injured during an argument with his wife. AR 148-49. From statements in the administrative record, it appears that plaintiff had been drinking and had kicked out the back window of his wife's car. AR 157. He then stood on the hood of her car as she drove away. AR 148-49. Plaintiff fell, suffering a non-displaced fracture of the right shoulder and a comminuted fracture of the right knee. *Id.*

Plaintiff subsequently had surgery to address his injuries and started physical therapy. Although initial reports of plaintiff's recovery were promising, he has complained of pain since the injury. In July 1999, plaintiff

1  underwent surgery to address his complaints of pain in his injured knee. AR 265-66. In August 1999, he again
2  had surgery to remove "painful hardware" in his knee. AR 264.

3  Plaintiff filed for disability benefits in July 1998. AR 107-10. In August 1998, his claim was denied
4  because his condition was not expected to remain severe for twelve months. AR 73. After his request for
5  reconsideration was denied, plaintiff filed a request for a hearing with an administrative law judge ("ALJ"). AR
6  77-84. After a number of continuances, plaintiff attended a hearing on December 13, 1999. AR 19-20, 34.

7  At the hearing, plaintiff agreed to attend a consultative examination, which was scheduled for February
8  13, 2000. AR 333, 335. On February 11, 2000, plaintiff phoned in to inform the SSA that he would be
9  unable to attend the examination. *Id.* The examination was therefore rescheduled for March 19, 2000. AR
10 332. Plaintiff did not attend this examination. While no reason for plaintiff's failure to attend appears in the
11 administrative record, plaintiff has provided a declaration from his wife to this Court. The declaration states
12 that plaintiff was incarcerated on March 19, 2000, and that his wife called the SSA to inform them that plaintiff
13 would be unable to attend his examination. Pl. Mot. for Summary Judgment, Exh. 1 (Decl. of Diane Cipollo).

14 On March 31, 2000, the ALJ issued his decision, denying plaintiff's claim for disability benefits. The
15 ALJ found that plaintiff had failed to establish his eligibility for disability benefits because he had failed to attend
16 his consultative examination. In reaching this conclusion, the ALJ rejected the opinions of plaintiff's doctors
17 on the ground that they were not supported by "laboratory findings or objective clinical evidence." AR 21.
18 Instead, the ALJ relied on x-rays taken from January and June 1999 that showed that plaintiff's injuries were
19 healing. In addition, the ALJ relied on the opinion of two non-treating physicians, both of whom opined in the
20 fall of 1998 that plaintiff's injuries would be non-severe before April 1999. Based on this review of the
21 evidence, the ALJ found that "[t]he claimant has failed to meet the burden of establishing the existence of any
22 'severe' physical or mental impariment lasting more than 12 months" and rejected plaintiff's application for
23 disability benefits. AR 21.

24 Plaintiff filed an administrative appeal on December 10, 2001. His appeal was denied on April 24,
25 2004. AR 5-7. He timely filed this action on June 21, 2004.

## LEGAL STANDARD

This Court may conduct only a limited review of the Secretary's final decision. It may disturb that decision "only if it is not supported by substantial evidence or if it based on legal error." *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Even if substantial evidence supports the ALJ's factual findings, his decision must be set aside if improper legal standards were applied in reaching that decision. *See Frost v. Barnhart*, 314 F.3d 359, 367 (9th Cir. 2002).

The claimant carries the initial burden of proving a disability. *Ukolov*, 420 F.3d at 1004. In determining whether a claimant is disabled, the ALJ is required to accept a claimant's subjective testimony of pain only if the claimant produces "objective medical evidence of underlying 'impairment,' and [shows] that the impairment, or a combination of impairments, 'could reasonably be expected to produce pain or other symptoms.'" *Batson v. Commissioner of the Social Security Administration*, 359 F.3d 1190, 1196 (9th Cir. 2004). If this first step is satisfied, "and if the ALJ's credibility analysis of the claimant's testimony shows no malingering, then the ALJ may reject the claimant's testimony about severity of symptoms with 'specific findings stating clear and convincing reasons for doing so.'" *Id.*

## DISCUSSION

Plaintiff challenges the ALJ's decision on three grounds: plaintiff's waiver of counsel was defective; the ALJ erroneously discounted plaintiff's credibility; and the ALJ erred by failing to find that plaintiff's impairment was severe.

///

**1.  Defective Waiver of Right to Counsel**

First, plaintiff argues that the ALJ erred by failing to properly explain to him that he was entitled to counsel at his hearing. In support of this argument, plaintiff cites *Binion v. Shalala*, 13 F.3d 243 (7th Cir.

3

1994). In *Binion*, the Seventh Circuit held that, to ensure a valid waiver of counsel, an ALJ must explain to a *pro se* claimant: "(1) the manner in which an attorney can aid in the proceedings, (2) the possibility of free counsel or a contingency arrangement, and (3) the limitation on attorney fees to 25 percent of past due benefits and required court approval of the fees." *Id.* at 245.

Even assuming that the Seventh Circuit's requirements were binding on this Court, it is well established that in the Ninth Circuit a claimant has to make a showing of prejudice or unfairness resulting from lack of counsel. *Kay v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1996). Plaintiff has not attempted to make any such showing. In fact, plaintiff admitted that his case was "a simple case" at his hearing. AR 57. Nor has the Court uncovered any evidence of prejudice or unfairness from its own review of the transcript. Rather, the record reveals that the ALJ was very patient with plaintiff. The ALJ offered to keep the record open so plaintiff could submit additional evidence. AR 67. He sent plaintiff a copy of the record when plaintiff stated that he would like to review it, and he offered to help plaintiff obtain evidence through his subpoena power. AR 67, 69.

Based on the above, the Court finds that plaintiff was not prejudiced by his lack of counsel. Accordingly, the Court rejects plaintiff's argument that his waiver of counsel was deficient.

**2.     Erroneous Credibility Determination**

Plaintiff's second argument is that the ALJ discounted his credibility based on illegitimate factors. He argues that the ALJ found his credibility lacking because plaintiff requested that his hearing be continued on three occasions and because he missed his consultative examination appointment. *See* AR 20. Plaintiff contends that both of these are improper bases for an adverse credibility finding.

As an initial matter, the Court does not agree with plaintiff that the ALJ found his testimony lacking in credibility. Although the ALJ couched his comments in terms of credibility, the ALJ's comments reflected his finding that plaintiff had failed to produce any evidence in support of his subjective complaints of pain. *See* AR 20 ("The claimant's statements about his impairments and their impact on his ability to work are not found credible in light of the inadequacy of objective evidence to support his assertions."). As the Ninth Circuit has stated, an ALJ must conduct a two-step analysis when deciding whether to admit a claimant's testimony about

4

1 subjective pain. First, the claimant must "produce objective medical evidence of underlying 'impairment,' and must show that the impairment, or a combination of impairments, 'could reasonably be expected to produce pain or other symptoms.'" *Batson*, 359 F.3d at 1196. Only after the plaintiff satisfies this initial burden must the ALJ address his subjective claims of pain. *Id.* Here, the ALJ found that plaintiff had produced no evidence of any impairment. *See* AR 20-21. Thus, the ALJ declined to consider whether plaintiff's complaints of pain were actually valid.[1]

Although the Court does not agree with plaintiff's argument that the ALJ improperly discounted his credibility, it finds that the ALJ's decision must be reversed for a related reason: the ALJ's finding that plaintiff had produced no evidence of an impairment capable of causing him pain was contrary to the evidence in the record.

The ALJ's finding that plaintiff had not demonstrated any "medically determinable mental of [*sic*] physical impairment," AR 21, was based upon evaluations from August and October 1998 that predicted plaintiff's condition would be non-severe before April 1999, and upon x-rays from January and June 1999 that showed "significant interval healing." *Id.* Although plaintiff's treating physicians had opined that plaintiff was suffering from pain, *see, e.g.*, AR 311-26, the ALJ discounted these opinions because they were not supported by "laboratory findings or objective clinical evidence." AR 21.

The ALJ's findings, however, ignore significant evidence that plaintiff suffered from an impairment that was capable of causing pain. Perhaps most significant is the record of plaintiff's surgeries from July and August of 1999, which were specifically conducted to address his complaints of pain. AR 264-66. The first surgery was conducted to correct a possible meniscal tear, and discovered, among other things, a torn posterior cruciate ligament and a torn lateral collateral ligament. The second surgery was conducted to remove "painful hardware" from plaintiff's right tibia. A second significant record of plaintiff's impairment comes from an examination conducted by his doctor in December 1999. This exam found that plaintiff "has very limited range

---

[1] If the Court's reading of the ALJ's decision is incorrect, and the ALJ found that plaintiff's testimony lacked credibility, the Court agrees with plaintiff that, in this case, three continuances and one missed appointment do not amount to clear and convincing evidence for rejecting his testimony. *See Batson*, 359 F.3d at 1196.

5

of motion of the right shoulder," and "has difficulty with the extension of the knee at all." AR 331. Notably, the doctor's report states that "I do think the patient has definite disability and limitation in his ability to perform work due to these injuries." *Id.*

The ALJ did not address any of this evidence in his decision. Instead, he relied on two x-rays and two predictions made well in advance of the year anniversary of plaintiff's injury. The Court finds that the reports above are sufficient to establish that plaintiff suffered from an impairment sufficient to cause significant pain. Accordingly, the ALJ erred in failing to provide specific, cogent reasons for rejecting plaintiff's testimony about his pain.[2]

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion for summary judgment (Docket No. 11), DENIES defendant's motion for summary judgment (Docket No. 18), REVERSES the decision of the Commissioner of Social Security, and REMANDS this case to the Social Security Administration for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

---

[2] Because the ALJ erred in finding that plaintiff had not produced evidence sufficient to establish the existence of an impairment capable of causing him pain, the Court will not reach plaintiff's argument that the agency erred by finding that any impairment was non-severe. The Court remands to the agency for a determination of whether plaintiff's impairment can be considered severe. On remand, the Court encourages the agency to provide plaintiff with another opportunity for a consultative examination.

Dated: December 19, 2005

_____
SUSAN ILLSTON
United States District Judge